**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0193-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DONOVAN LITTLE, a/k/a
TERRELL GREEN,
DONOVAN TERRELL
BROOKLYN, DONOVAN
DAVIS, and VICTOR LITTLE,

     Defendant-Appellant.

_____

Submitted September 27, 2021 – Decided October 6, 2021

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 14-03-0168.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donovan Little appeals from a July 18, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons stated by Judge Sohail Mohammed in his thorough and well-reasoned written decision.

We incorporate the facts from our opinion affirming defendant's conviction and sentence on direct appeal. State v. Little, No. A-2020-15 (App. Div. January 10, 2018). We briefly recount the salient facts.

A police officer saw a dangling, unsecured front license plate on a car driven by defendant, a violation of N.J.S.A. 39:3-33. As a result of the motor vehicle violation, the officer stopped the car and requested defendant's driving credentials. Defendant refused to produce his credentials.

Other officers arrived at the scene and told defendant his continued refusal to produce the credentials would result in defendant's arrest. Defendant again declined to provide the documents. The officers then told defendant he was under arrest and attempted to open the car door. Because defendant refused to open the locked door, a police officer broke a window and attempted to remove defendant. Defendant continued to resist the officers' efforts to remove him from the car.

Defendant then started the car and accelerated. As a result, he dragged the officers for several feet. One officer had his arm in the car when defendant drove off and suffered a significant laceration to his hand, requiring several stitches. Another officer was struck on the hand by the car's side mirror, causing injury.

When defendant sped off, the police followed in marked patrol cars. During the chase, defendant's car struck two police cars. After flipping his car during the chase, defendant attempted to flee on foot. He was taken down by a police canine and then arrested.

On September 27, 2018, defendant filed a timely PCR petition. In his PCR petition, defendant raised the following arguments in support of his ineffective assistance of counsel claim: failure to file a motion challenging the traffic stop; failure to challenge the constitutionality of N.J.S.A. 39:3-33; failure to invoke the defense of necessity; failure to move to dismiss the aggravated assault charge; and cumulative error.

On June 19, 2019, Judge Mohammed heard counsels' arguments on the PCR petition. In a July 18, 2019 order and attached written decision, the judge denied defendant's motion for post-conviction relief.

A-0193-19

On the failure to file a motion challenging the traffic stop, the judge found defense counsel exercised proper trial strategy and effectively cross-examined the testifying officers in an effort to demonstrate an ulterior motive for the motor vehicle stop. In addition, the judge held defendant failed to show that but for his attorney's "error" the outcome of the trial would have been different. The judge also found defendant would not have prevailed in a motion to suppress the traffic stop because, based on the videotape evidence, his license plate was clearly dangling in violation of N.J.S.A. 39:3-33.

Similarly, on the failure to challenge the term "horizontal" in N.J.S.A. 39:3-33 as constitutionally vague, Judge Mohammed concluded such a challenge would have been without merit based on the clear language of the statute. The judge explained the word "dangle" means a license plate that is not horizontal and swings freely.

On the invocation of the necessity defense, the judge held defendant would not have prevailed because he was unable to show an emergency situation without any fault on his part. Defendant created the emergency situation by not adhering to the police officers' instructions to exit the car. The judge further concluded there was no evidence the officers had guns drawn to lead defendant to believe he faced imminent harm.

A-0193-19

On the failure to dismiss the aggravated assault charge, defendant argued there was no evidence he used the car as a weapon. The judge concluded the argument was moot because the jury did not convict defendant on the aggravated assault charge.

On appeal, defendant raises the following arguments:

POINT I

> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE THE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO CHALLENGE THE INITIAL POLICE STOP AS UNLAWFUL.

POINT II

> THIS MATTER SHOULD BE REMANDED TO THE PCR COURT FOR AN EVIDENTIARY HEARING AS TRIAL COUNSEL MUST EXPLAIN WHY HE FAILED TO CHALLENGE THE CONSTITUTIONALITY OF N.J.S.A. 39:3-33.

POINT III

> THIS MATTER SHOULD BE REMANDED TO THE PCR COURT FOR FURTHER CONSIDERATION AND DETERMINATION OF ALL ISSUES RAISED IN THE PCR PETITION (Not Raised Below).

5

We reject these arguments for the cogent reasons set forth by Judge Mohammed in his July 18, 2019 written decision. We add only the following comments.

A statute is unconstitutionally vague if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Karins v. Atlantic City, 152 N.J. 532, 541 (1998) (quoting Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)). When interpreting the language of a statute, courts should give words their "generally accepted meaning[s]" and construe words and phrases in appropriate contexts. N.J.S.A. 1:1-1. If the text of the statute is clear, then the "court's task is complete." State v. Carter, 247 N.J. 488, 513 (2021) (quoting State v. Lopez-Carrera, 245 N.J. 596, 613 (2021)).

N.J.S.A. 39:3-33 states a license plate must be displayed "in a horizontal position, and in such a way as not to swing." Construing the terms "horizontal" and "not to swing" in the context of a license plates means the plate must be attached to the car such that it is straight in relation to the horizon and affixed to the car as to not move. As Judge Mohammed correctly concluded, a "license plate cannot be both non-horizontal/leaning and be horizontal at the same point in time." These terms, especially when applied to affixing a license plate to a

car, are not ambiguous or vague.  Since the language in the statute is clear, trial counsel was not ineffective in failing to challenge N.J.S.A. 39:33-3 as constitutionally vague.

Having reviewed the record, defendant was not entitled to an evidentiary hearing because he failed to present a prima facie case of ineffective assistance of counsel under the Strickland/Fritz[1] analysis.  See State v. Preciose, 129 N.J. 451, 462-63 (1992).  We conclude Judge Mohammed thoroughly addressed defendant's contentions and affirm for the reasons stated in his well-reasoned written decision of July 18, 2019.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).